Qinyu Fan, Esq.
Hang & Associates, PLLC
136-20 38th Avenue, Suite 10G
Flushing, NY 11354
Fax: (718) 353-6288
Email: qfan@hanglaw.com
*Attorney for Plaintiff and proposed FLSA Collective*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

Jun Lin Liu, individually and on behalf of all other employees similarly situated,

                    Plaintiffs,

- against -

New Dickson Trading, LLC, and Nan Sheng Jiang,

                    Defendants.

Case No.

**COLLECTIVE ACTION COMPLAINT AND JURY TRIAL DEMAND**

Plaintiff Jun Lin Liu ("Plaintiff" or "Plaintiff Liu"), on his own behalf and on behalf of all others similarly situated, by and through his undersigned attorneys, Hang & Associates, PLLC, hereby files this complaint against the Defendants New Dickson Trading, LLC., and Nan Sheng Jiang (collectively "Defendants"), alleges and shows the Court the following:

**INTRODUCTION**

1. This is an action brought by Plaintiff on his own behalf and on behalf of similarly situated employees, including delivery drivers, and dispatchers, and all other non-exempt employees of the Defendants, alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA") and the New Jersey Wage and Hour Law, N.J.S.A.§34:11-56 et seq. ("NJWHL" hereinafter), arising from

      Defendants' various willful and unlawful employment policies, patterns and/or practices.

2. Upon information and belief, Defendants have willfully and intentionally committed widespread violations of the FLSA and NJWHL by engaging in a pattern and practice of failing to pay their employees, including Plaintiff, compensation for all hours worked, overtime compensation for all hours worked over forty (40) each week, and improper retention of tips.

3. Plaintiff alleges pursuant to the FLSA, that he is entitled to recover from the Defendants: (1) unpaid minimum wages, (2) unpaid overtime wages, (3) liquidated damages, (4) prejudgment and post-judgment interest; and (5) attorneys' fees and costs.

4. Plaintiff further alleges pursuant to NJWHL that he is entitled to recover from the Defendants: (1) unpaid minimum wages, (2) unpaid overtime wages, (3) liquidated damages, (4) prejudgment and post-judgment interest; and (5) attorneys' fees and costs.

## JURISDICTION AND VENUE

5. This Court has original federal question jurisdiction over this controversy under 29 U.S.C. §216(b), 28 U.S.C. § 1331, and has supplemental jurisdiction over the NJWHL claims pursuant to 28 U.S.C. § 1367(a).

6. Venue is proper in the United States District Court for the District of New Jersey pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendants conduct business in

this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

**PLAINTIFFS**

7. Plaintiff Jun Lin Liu ("Mr. Liu") is a resident of New York State and was employed by the Defendants' delivery company, New Dickson Trading, LLC., ("New Dickson" hereinafter) located at 24-15 Urbanowitz Ave, Linden, New Jersey 07036.

8. Plaintiff Liu was hired as a delivery driver, from July 14, 2018, to June 8, 2021.

**DEFENDANTS**

9. Upon information and belief, Defendant, New Dickson had gross sales in excess of Five Hundred Thousand Dollars ($500,000) per year. Upon information and belief, New Dickson purchased and handled goods moved in interstate commerce.

10. New Dickson has about 10 employees. Among them are 5 delivery workers, 4 delivery staff, and 1 dispatcher.

11. Upon information and belief, Defendant Nan Sheng Jiang ("Defendant Jiang") is the officer, and/or managing agent of New Dickson at 24-15 Urbanowitz Ave, Linden, New Jersey 07036 and participated in the day-to-day operations of Honshu Sushi. He interviewed Plaintiff over the phone and determined Plaintiff's salary rate. During Plaintiff's employment in New Dickson, Defendant Jiang supervised

3

him, and handled Plaintiff's payrolls. He personally pay cash to Plaintiff. Plaintiff got paid in a combination of cash and checks.

12. Thus, Defendant Chen acted intentionally and maliciously in management and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, NJWHL §12:56-2.1 and the regulations thereunder. Therefore, Defendant Jiang is jointly and severally liable with New Dickson.

13. At all relevant times, the work performed by Plaintiff was directly essential to the business operated by New Dickson.

14. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned basic minimum hourly wages and overtime compensation, and made improper retention of employees' tips, in violation of the NJWHL.

15. Plaintiff has fulfilled all conditions precedent to the institution of this action and/or conditions have been waived.

## STATEMENT OF FACTS

16. Defendants committed the following alleged acts knowingly, intentionally and willfully.

17. Defendants knew that the nonpayment of basic minimum hourly wages and overtime compensation, and the improper retention of Plaintiff's tips would financially injure Plaintiff and similarly situated employees and violate state and federal laws.

18. From July 14, 2018 to June 8, 2021, Plaintiff was hired by Defendants to work as a delivery driver for Defendants' shipping and delivery business located at 24-15 Urbanowitz Ave, Linden, New Jersey 07036.

19. From July 14, 2018 to June 8, 2021, Plaintiff worked 6 days a week with Sunday off. From Monday to Saturday, Plaintiff has the same schedule. He would start working at 6:00 am every working day. For approximately three days a week, Plaintiff has to work until approximately 11:30 pm. For the remaining three days, Plaintiff would leave work between 6:00 pm and 8:00 pm. Therefore, from July 14, 2018 to February 14, 2019, Plaintiff worked in total ninety-one and a half (91.5) hours per week.

20. From the March 14, 2021 to June 26, 2019, Plaintiff was working on the same schedule taking Sunday. Thus, Plaintiff worked 6 days and in total 91.5 hours per week.

21. From July 14, 2018 to February 14, 2019, Plaintiff was paid at a fixed rate of $2,600 per month, regardless of his actual hours worked. Defendants paid Plaintiff monthly in cash.

22. From February 15, 2019 to June 26, 2019, Plaintiff was paid at a fixed rate of $2,800 per month, regardless of his actual hours worked. Defendants paid Plaintiff monthly in cash.

23. From March 14, 2021 to June 8, 2021, Plaintiff was paid at a fixed rate of $3,000 per month, regardless of his actual hours worked. Defendants paid Plaintiff monthly in cash.

24. Defendants did not compensate Plaintiff for all hours he worked at the minimum wage that is required by the NJWHL.

25. Defendants did not count or compensate Plaintiff for overtime wages according to state and federal laws.

26. Defendants committed the following alleged acts knowingly, intentionally and willfully.

27. While employed by Defendants, Plaintiff was not exempt under federal and state laws requiring employers to pay employees overtime.

28. Defendants did not provide Plaintiff and other employees with written notices about the terms and conditions of their employment upon hire in relation to their rate of pay, regular pay cycle and rate of overtime pay.

29. Defendants committed the foregoing acts against the Plaintiff, the FLSA Collective Plaintiffs.

## COLLECTIVE ACTION ALLEGATIONS

30. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff and other similarly situated employees either the FLSA overtime rate (of time and one-half), or the New Jersey State overtime rate (of time and one-half), in violation of the FLSA and NYWHL and the supporting federal and New Jersey State Department of Labor Regulations.

31. Plaintiff brings this action individually and on behalf of all other and former non-exempt employees who have been or were employed by the Defendants for up to the last three (3) years, through entry of judgment in this case (the "Collective

Action Period") and whom failed to receive overtime compensation for all hours worked in excess of forty (40) hours per week (the "Collective Action Members"), and have been subject to the same common decision, policy, and plan to not provide required wage notices at the time of hiring, in contravention to federal and state labor laws.

32. Upon information and belief, the Collection Action Members are so numerous the joinder of all members is impracticable. The identity and precise number of such persons are unknown, and the facts upon which the calculations of that number may be ascertained are presently within the sole control of the Defendants. Upon information and belief, there are more than Twenty (20) Collective Action members, who have worked for or have continued to work for the Defendants during the Collective Action Period, most of whom would not likely file individual suits because they fear retaliation, lack adequate financial resources, access to attorneys, or knowledge of their claims. Therefore, Plaintiff submits that this case should be certified as a collection action under the FLSA, 29 U.S.C. §216(b).

33. Plaintiff will fairly and adequately protect the interests of the Collective Action Members, and has retained counsel that is experienced and competent in the field of employment law and class action litigation. Plaintiff has no interests that are contrary to or in conflict with those members of this collective action.

34. This action should be certified as collective action because the prosecution of separate action by individual members of the collective action would risk creating either inconsistent or varying adjudication with respect to individual members of this class that would as a practical matter be dispositive of the interest of the other

members not party to the adjudication, or subsequently impair or impede their ability to protect their interests.

35. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation makes it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as collective action.

36. Questions of law and fact common to members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the questions of fact common to Plaintiff and other Collective Action Members are:

   a. Whether the Defendants employed Collective Action members within the meaning of the FLSA;

   b. Whether the Defendants failed to pay the Collective Action Members overtime wages for all hours worked above forty (40) each workweek in violation of the FLSA and the regulation promulgated thereunder;

   c. Whether the Defendants' violations of the FLSA are willful as that terms is used within the context of the FLSA; and,

   d. Whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive, and statutory damages, interest, costs and disbursements and attorneys' fees.

37. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

38. Plaintiff and others similarly situated have been substantially damaged by Defendants' unlawful conduct.

## STATEMENT OF CLAIM

### COUNT I

**[Violations of the Fair Labor Standards Act—Overtime Wages Brought on behalf of the Plaintiff and the FLSA Collective]**

39. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

40. The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he or she is employed, or one and one-half times the minimum wage, whichever is greater. 29 USC §207(a).

41. The FLSA provides that any employer who violates the provisions of 29 U.S.C. §207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages. 29 USC §216(b).

42. Also, pursuant to NJWHL 12:56-6.1, for each hour of working time in excess of 40 hours in any week, except for those exemptions set forth in N.J.S.A. 34:11-56a4 or as provided in N.J.A.C. 12:56-7.1, every employer shall pay to each of his or her

9

employees, wages at a rate of not less than 1 and ½ times such employee's regular hourly wage.

43. Defendants' failure to pay Plaintiff and the FLSA Collective their overtime pays violated the FLSA.

44. Here, Plaintiff Liu worked 91.5 hours a during all relevant times.

45. However, from July 14, 2018 to February 14, 2019, Plaintiff was paid at a fixed rate of $2,600 per month, regardless of his actual hours worked. Defendants paid Plaintiff monthly in cash.

46. From February 15, 2019 to June 26, 2019, Plaintiff was paid at a fixed rate of $2,800 per month, regardless of his actual hours worked. Defendants paid Plaintiff monthly in cash.

47. From March 14, 2021 to June 8, 2021, Plaintiff was paid at a fixed rate of $3,000 per month, regardless of his actual hours worked. Defendants paid Plaintiff monthly in cash.

48. Therefore, at all relevant times, Defendants had, and continue to have, a policy of practice of refusing to pay overtime compensation at the statutory rate of time and a half to Plaintiff and Collective Action Members for all hours worked in excess of forty (40) hours per workweek, which violated and continues to violate the FLSA, 29 U.S.C. §§201, et seq., including 29 U.S.C. §§207(a)(1) and 215(a).

49. The FLSA and supporting regulations required employers to notify employees of employment law requirements. 29 C.F.R. §516.4.

50. Defendants willfully failed to notify Plaintiff and FLSA Collective of the requirements of the employment laws in order to facilitate their exploitation of Plaintiff's and FLSA Collectives' labor.

51. Defendants knowingly and willfully disregarded the provisions of the FLSA and NJWHL as evidenced by their failure to compensate Plaintiffs and the FLSA Collective the statutory overtime rate of time and one half for all hours worked in excess of forty (40) per week when they knew or should have known such was due and that failing to do so would financially injure the Plaintiff and Collective Action members. Therefore, Plaintiff and the FLSA collection shall recover from Defendants their unpaid overtime wages, and in an additional equal amount as liquidated damages.

52. Despite of FLSA 3(m), FLSA has required that, "employers must provide the following information to a tipped employee before the employer may use the FLSA 3(m) tip credit: ... 5) that the tip credit will not apply to any tipped employee unless the employee has been informed of these tip credit provisions."

53. Here, Plaintiff Cao was never informed of those tip credit provisions. Neither was there any agreement about tip credits. Therefore, tips received by Plaintiff Cao could not be considered as tip credits because during the entire employment, tips were excluded from wages, according to Plaintiff's understanding.

## COUNT II

**[Violations of the NJWHL—Overtime Wages
Brought on behalf of Plaintiff]**

54. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

55. NJWHL 12:56-6.1 provides that, for each hour of working time in excess of 40 hours in any week, except for those exemptions set forth in N.J.S.A. 34:11-56a4 or as provided in N.J.A.C. 12:56-7.1, every employer shall pay to each of his or her employees, wages at a rate of not less than 1 and ½ times such employee's regular hourly wage.

56. Defendants' failure to pay Plaintiff his overtime pays violated the NJWHL.

57. Here, as discussed above, Plaintiff Liu worked 91.5 hours a during all relevant times.

58. However, from July 14, 2018 to February 14, 2019, Plaintiff was paid at a fixed rate of $2,600 per month, regardless of his actual hours worked. Defendants paid Plaintiff monthly in cash.

59. From February 15, 2019 to June 26, 2019, Plaintiff was paid at a fixed rate of $2,800 per month, regardless of his actual hours worked. Defendants paid Plaintiff monthly in cash.

60. From March 14, 2021 to June 8, 2021, Plaintiff was paid at a fixed rate of $3,000 per month, regardless of his actual hours worked. Defendants paid Plaintiff monthly in cash.

61. Therefore, at all relevant times, Defendants had, and continue to have, a policy of practice of refusing to pay overtime compensation at the statutory rate of time

and a half to Plaintiff for all hours worked in excess of forty (40) hours per workweek, which violated and continues to violate the NJWHL.

62. The NJWHL and supporting regulations required employers to notify employees of employment law requirements. NJWHL 8:43E-8.6 et seq.

63. Defendants willfully failed to notify Plaintiff of the requirements of the employment laws in order to facilitate their exploitation of Plaintiff's labor.

64. Defendants knowingly and willfully disregarded the provisions of the FLSA and NJWHL as evidenced by their failure to compensate Plaintiffs and the FLSA Collective the statutory overtime rate of time and one half for all hours worked in excess of forty (40) per week when they knew or should have known such was due and that failing to do so would financially injure the Plaintiff and Collective Action members. Therefore, Plaintiff and the FLSA collection shall recover from Defendants their unpaid overtime wages, and in an additional equal amount as liquidated damages.

## COUNT III

### [Violations of the Fair Labor Standards Act—Minimum Wages Brought on behalf of the Plaintiff and the FLSA Collective]

56. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

57. The FLSA requires employers of covered employees who are not otherwise exempt to pay these employees a minimum wage of not less than $7.25 per hour effective July 24, 2009.

59. The FLSA provides that any employer who violates the provisions of 29 U.S.C. §207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages. 29 USC §216(b).

65. Here, Plaintiff Liu worked 91.5 hours a during all relevant times.

66. However, from July 14, 2018 to February 14, 2019, Plaintiff was paid at a fixed rate of $2,600 per month, regardless of his actual hours worked. Defendants paid Plaintiff monthly in cash. Therefore, Plaintiff was paid $6.56 per hour.

67. From February 15, 2019 to June 26, 2019, Plaintiff was paid at a fixed rate of $2,800 per month, regardless of his actual hours worked. Defendants paid Plaintiff monthly in cash. Therefore, Plaintiff was paid $7.06 per hour.

68. From March 14, 2021 to June 8, 2021, Plaintiff was paid at a fixed rate of $3,000 per month, regardless of his actual hours worked. Defendants paid Plaintiff monthly in cash. Therefore, Plaintiff was paid $7.57 per hour.

69. Thus, at all relevant times, Plaintiff was paid below both the FLSA minimum wage rate ($7.50 per hour), and the New Jersey state minimum wage rate.

70. Defendants' failure to pay Plaintiff at the required statutory minimum wage rate violates the FLSA.

71. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and the FLSA Collective at the statutory minimum wage rate violates when they knew or should have known such was due and that failing to do so would financially injure the Plaintiff and Collective Action members. Therefore, Plaintiff and the FLSA collection shall

recover from Defendants their unpaid minimum wages, and additionally an equal amount as liquidated damages.

## COUNT IV

### [Violations of the NJWHL—Minimum Wages Brought on behalf of the Plaintiff and the FLSA Collective]

72. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

73. N.J.A.C. 12:56-3.1 provides the New Jersey State minimum wage rate, and the rate is adjusted every year. Pursuant to N.J.A.C. 12:56-3.1, in 2016, the minimum wage rate was 8.38; in 2017, the minimum wage rate was $8.44 per hour; On or after January 1, 2018 the minimum wage rate was $8.60 per hour."; and on or after January 1, 2019, and before July 1, 2019, the rate became $8.85 per hour.

74. Here, Plaintiff Liu worked 91.5 hours a during all relevant times.

75. However, from July 14, 2018 to February 14, 2019, Plaintiff was paid at a fixed rate of $2,600 per month, regardless of his actual hours worked. Defendants paid Plaintiff monthly in cash. Therefore, Plaintiff was paid $6.56 per hour.

76. From February 15, 2019 to June 26, 2019, Plaintiff was paid at a fixed rate of $2,800 per month, regardless of his actual hours worked. Defendants paid Plaintiff monthly in cash. Therefore, Plaintiff was paid $7.06 per hour.

77. From March 14, 2021 to June 8, 2021, Plaintiff was paid at a fixed rate of $3,000 per month, regardless of his actual hours worked. Defendants paid Plaintiff monthly in cash. Therefore, Plaintiff was paid $7.57 per hour.

78. Thus, at all relevant times, Plaintiff was paid below the New Jersey state minimum wage rate.

79. Defendants' failure to pay Plaintiff at the required statutory minimum wage rate violates NJWHL, and NJAC.

80. Defendants knowingly and willfully disregarded the provisions of the NJWHL as evidenced by their failure to compensate Plaintiff and the FLSA Collective at the statutory minimum wage rate violates when they knew or should have known such was due and that failing to do so would financially injure the Plaintiff and Collective Action members. Therefore, Plaintiff and the FLSA collection shall recover from Defendants their unpaid minimum wages, and additionally an equal amount as liquidated damages.

## **Prayer For Relief**

WHEREFORE, Plaintiff, on behalf of himself, and the FLSA collective, respectfully request that this court enter a judgment providing the following relief:

a) Authorizing plaintiff at the earliest possible time to give notice of this collective action, or that the court issue such notice, to all persons who are presently, or have been employed by defendants as non-exempt tipped or non-tipped employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of their right to join this lawsuit if they believe they were denied proper hourly compensation and premium overtime wages;

b) Certification of this case as a collective action pursuant to FLSA;

c) Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and his counsel to represent the Collective Action Members;

d) A declaratory judgment that the practices complained of herein are unlawful under FLSA and NJWHL;

e) An injunction against New Dickson Trading, LLC, its officers, agents, successors, employees, representatives, and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

f) An award of unpaid overtime wages due under FLSA and NYWHL, whichever is greater;

g) An award of unpaid minimum wages due under FLSA and NYWHL, whichever is greater;

h) An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay overtime compensation pursuant to 29 U.S.C. §216;

i) An award of liquidated and/ or punitive damages as a result of Defendants' willful failure to pay overtime compensation pursuant to NJWHL;

j) An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay minimum wages pursuant to 29 U.S.C. §207(a);

k) An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay minimum wages pursuant to NJWHL;

l) An award of costs and expenses of this action together with reasonable attorneys'

and expert fees pursuant to 29 U.S.C. §216(b) and NJWHL 34:11-56a25.;

m) The cost and disbursements of this action;

n) An award of prejudgment and post-judgment fees;

and

o) Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, the Plaintiff, on behalf of himself and the Collective Action Members, demands a trial by jury on all questions of fact raised by the complaint.

Dated: Flushing, New York

August 18, 2021                                HANG & ASSOCIATES, PLLC.

                                                              /s Qinyu Fan

Qinyu Fan, Esq.
136-20 38th Avenue, Suite 10G
Flushing, New York 11354
Tel: 718.353.8588
qfan@hanglaw.com
*Attorneys for Plaintiffs*

# **EXHIBIT 1**

## CONSENT TO SUE UNDER
## FEDERAL FAIR LABOR STANDARDS ACT

I am an employee currently or formerly employed by New Dickson Trading LLC and/or related entities and individuals. I consent to be a plaintiff in an action to collect unpaid overtime and minimum wages. I agree that I am bound by the terms of the Contingent Fee Retainer signed by the named plaintiff in this case.

_Liu Jun Lin_
Full Legal Name (Print)

_Liu Jun Lin_
Signature

_7.29.2021_
Date