UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>ESTHER SALAS<br>UNITED STATES DISTRICT JUDGE | MARTIN LUTHER KING<br>COURTHOUSE<br>50 WALNUT ST.<br>ROOM 5076<br>NEWARK, NJ 07101<br>973-297-4887 |

August 5, 2022

## LETTER ORDER

Re:   *Jun Lin Liu v. New Dickson Trading, LLC, et al.*
      Civil Action No. 21-15779 (ES) (JRA)

Dear Counsel:

Before the Court is Plaintiff Jun Lin Liu's motion for default judgment against New Dickson Trading, LLC ("New Dickson") and Nan Sheng Jiang (together, "Defendants") pursuant to Federal Rule of Civil Procedure 55(b)(2). (D.E. No. 8). Plaintiff filed the instant action against Defendants under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* (Counts I & III), and the New Jersey State Wage and Hour Law ("NJWHL"), N.J. Stat. Ann. § 34:11-56 *et seq.* (Counts II & IV), for unpaid overtime and minimum wages from July 14, 2018, to June 8, 2021. (D.E. No. 1 ("Complaint" or "Compl.")).

A district court may enter default judgment against a party who has failed to plead or otherwise respond to the action filed against them. Fed. R. Civ. P. 55. "Before entering default judgment, the Court must address the threshold issue of whether it has personal jurisdiction and subject matter jurisdiction over the parties." *Prudential Ins. Co. of Am. v. Bramlett*, No. 08-0119, 2010 WL 2696459, at *1 (D.N.J. July 6, 2010). As set forth below, the Court questions whether it has personal jurisdiction over New Dickson.[1]

With respect to personal jurisdiction of a company, "the place of incorporation and principal place of business are paradig[m] . . . bases for general jurisdiction." *Daimler AG v. Bauman*, 134 S. Ct. 746, 760 (2014) (internal quotation and citation omitted) (alteration in original). "Courts have applied the *Daimler* rules to limited liability companies with 'equal

---

[1]   There are no concerns with respect to the Court's subject matter jurisdiction over the present claims. This action raises FLSA claims under the Court's original jurisdiction, 28 U.S.C. § 1331 (Counts I & III), and NJWHL claims under its supplemental jurisdiction, 28 U.S.C. § 1332 (Counts II & IV). (*See* Compl. ¶¶ 1, 39–53 & 56–71).

Although Plaintiff does not allege defendant Nan Shang Jiang's domicile, Jiang was personally served in New Jersey (D.E. No. 4 at 2 (ECF pagination)), which provides an alternative basis for this Court's personal jurisdiction over him. *See Gerber v. A&L Plastics Corp.*, No. 19-12717, 2021 WL 3616179, at *4 (D.N.J. Aug. 16, 2021) (citing *Back2Health Chiropractic Ctr., LLC v. Sentinel Ins. Co., Ltd.*, No. 20-6717, 2021 WL 960875, at *4 (D.N.J. Mar. 15, 2021)).

force.'" *Tri-Union Seafoods, LLC v. Ecuatorianita Imp. & Exp. Corp*, No. 20-9537, 2021 WL 1541054, at *3 (D.N.J. Apr. 20, 2021) (quoting *Griggs v. Swift Transp. Co.*, No. 17-13480, 2018 WL 3966304, at *2 (D.N.J. Aug. 17, 2018)). Here, the Court cannot ascertain whether it has general personal jurisdiction over New Dickson because Plaintiff's Complaint merely states that New Dickson is a "shipping and delivery business located at 24-15 Urbanowitz Ave[.], Linden, New Jersey 07036." (Compl. ¶ 18). The Complaint does not allege that New Dickson's principal place of business is in New Jersey; rather, it is silent on this issue. (*See generally* Compl.). Thus, the Court cannot conclude that it has general personal jurisdiction over New Dickson.

Alternatively, the Court may exercise specific personal jurisdiction over New Dickson. "Specific jurisdiction is attained when the controversy is related to or 'arises out of' a defendant's contacts with the forum." *Carter Ledyard & Milburn LLP v. Carrascosa*, No. 07-3216, 2010 WL 4609501, at *3 (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984)); *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1025 (2021). An exercise of specific jurisdiction over a defendant is proper if: (i) the defendant intentionally directed its activities at the forum in question; (ii) the litigation pertains to at least one of those activities; and (iii) the exercise of jurisdiction would not conflict with traditional notions of fair play and substantial justice. *O'Connor v. Sandy Lane Hotel Co., Ltd.*, 496 F.3d 312, 317 (3d Cir. 2007). Here, even if New Dickson directed its activities in New Jersey, it is unclear whether Plaintiff's FLSA and NJWHL claims relate to those activities. (*See* Compl. ¶ 6 (alleging, in a conclusory fashion, that the "acts and omissions giving rise to the claims . . . alleged[ly] took place in this District")). For example, the Complaint describes New Dickson as a "delivery company" that "purchase[s] and handle[s] goods mov[ing] in interstate commerce." (*Id.* ¶¶ 7 & 9). It has five delivery workers, four delivery staff, and one dispatcher. (*Id.* ¶ 10). Plaintiff, a New York resident (*id.* ¶ 7), alleges that Defendants employed him as a delivery driver (*id.* ¶ 18); however, the Complaint does not describe where Plaintiff carried out his responsibilities. (*See generally id.*). For these reasons and because Plaintiff failed to address jurisdiction in his moving brief, the Court is not satisfied that it has specific personal jurisdiction over New Dickson. *See, e.g.*, *Operative Plasterers & Cement Masons Local No. 29 Annuity Fund, Welfare Fund, Apprentice Training Fund v. Indus. Constr. of New Jersey, Inc.*, 20-10278, 2021 WL 2886116, at *2–3 (D.N.J. July 8, 2021); *AvalonBay Communities, Inc. v. Aspen Specialty Ins. Co.*, 20-9167, 2021 WL 1921528, at *3 (D.N.J. May 13, 2021).

Although the Court need not address the remaining requirements for default judgment, it takes the opportunity to note a few issues regarding Plaintiff's damages and attorneys' fees calculations.[2] First, the FLSA provides a two or three-year statute of limitations period, depending on whether a defendant-employer committed a willful violation. 29 U.S.C. § 255(a) (providing that a cause of action under the FLSA must be "commenced within two years" unless it arises from

---

[2] In addition, the Complaint contains a few general discrepancies. First, it refers to the "operations of *Honshu Sushi*," an entity that appears only once in the Complaint and is not a named party to this action. (Compl. ¶ 11 (emphasis added)). Second, a typographical error appears in one allegation regarding Plaintiff's dates of employment. (*Id.* ¶ 20 (reflecting a chronological impossibility of work from "March 14, 2021 to June 26, 2019")). Finally, the Complaint refers to a "Plaintiff Cao" who is not a named plaintiff in this action. (*Id.* ¶ 53). Although these allegations seem immaterial on their face, Plaintiff may submit a certification or affidavit clarifying these points.

a 'willful violation," which "may be commenced within three years"); (D.E. No. 8-1 at 10). Plaintiff commenced the instant action on August 20, 2021, seeking unpaid minimum and overtime wages beginning on July 14, 2018, through June 8, 2021. (*See, e.g.*, Compl. ¶ 8; D.E. No. 8-5). Assuming Plaintiff adequately states a claim for a willful violation of the FLSA, he may only recover damages for unpaid minimum and overtime wages starting from August 20, 2018—three years before he filed the Complaint. *See D'Agostino v. Domino's Pizza*, No. 17-11603, 2018 WL 1914239, at *6 (D.N.J. Apr. 23, 2018) ("[A] separate cause of action . . . accrues at each regular payday immediately following the work period during which the services were rendered."). Thus, Plaintiff shall submit a revised damages calculation for the pertinent period worked, beginning on August 20, 2018.

Second, Plaintiff's damages calculation reflects minimum wages that do not correlate with New Jersey's minimum wage rates. *See* U.S. Dep't of Lab., Wages & Hour Div., *Changes in Basic Minimum Wages in Non-Farm Employment Under State Law: Selected Years 1968 to 2021* (Aug. 2022), https://www.dol.gov/agencies/whd/state/minimum-wage/history (hereinafter "Minimum Wage Rates"). A comparison of these rates is depicted below:

| Dates Worked | Plaintiff's Calculated Minimum Wage Rate | NJ Minimum Wage Rate |
|---|---|---|
| July 14, 2018, to December 31, 2018 | $8.60 | $8.60 |
| January 1, 2019, to February 14, 2019 | $8.85 | $11.00 |
| February 15, 2019, to June 30, 2019 | $8.85 | $11.00 |
| July 1, 2019, to August 5, 2019 | $10.00 | $11.00 |
| August 6, 2019, to December 31, 2019 | $10.00 | $11.00 |
| January 1, 2020, to December 31, 2020 | $11.00 | $11.00 |
| January 1, 2021, to March 13, 2021 | $12.00 | $12.00 |
| March 14, 2021, to June 8, 2021 | $12.00 | $12.00 |

(*Compare* D.E. No. 8-5, *with* Minimum Wage Rates).

Third, in support of Plaintiff's request for attorneys' fees, counsel submitted an affirmation and exhibit detailing its fees, totaling $15,012.50 for 50.7 hours. (D.E. Nos. 8-6 & 8-7 ("Exhibit F(a)")). The affirmation states that attorney Yongjin Bae worked on this matter at a rate of $325.00 per hour; however, Exhibit F(a) reflects Mr. Bae's hourly rate of $300.00. (*Compare* D.E. No. 8-6 ¶ 15, *with* Exhibit F(a) at 2–4 (ECF pagination)). The affirmation also states that Ms. Ziyi Gao, a *non-attorney law clerk*, worked on this matter at an hourly rate of $300.00; however, Exhibit F(a) reflects two hourly rates for Ms. Gao, including $300.00 per hour from December 13, 2021, through December 28, 2021, and $275.00 per hour from January 24, 2022, through January 26, 2022. (*Compare* D.E. No. 8-6 ¶ 16, *with* Exhibit F(a) at 2–4 (ECF pagination)). Although the affirmation provides that associate attorney Ms. Qinyu Fan worked on this matter, it does not reflect her hourly rate. (*See* D.E. No. 8-6 ¶ 14). Rather, Exhibit F(a) reflects Ms. Fan's hourly rate of $300.00. (Exhibit F(a); *see also* D.E. No. 8-1 at 17). Furthermore, Exhibit F(a) contains entries and rates for other individuals who are not mentioned in counsel's declaration. (Exhibit F(a) at 1–4 (listing work and rates for "Shan Zhu," "Ge Qu," "Yuezhu Liu," and "Maritza

Yanes")). Although it appears that an hourly rate of $300.00 is reasonable in an FLSA matter for an attorney admitted to the practice of law, *see Qingwei Ma v. Chef Jon's Authentic Chinese Cuisine*, No. 17-7379, 2020 WL 6111037, at *6 (D.N.J. Oct. 16, 2020), these inconsistences and unexplained personnel/rates concern the Court and should be clarified in a supplemental submission.

Finally, Plaintiff's brief in support of default judgment does not address each factor the Court must assess before granting default judgment. Specifically, in addition to assessing personal jurisdiction and subject matter jurisdiction, "the Court must determine (1) whether there is sufficient proof of service; (2) whether a sufficient cause of action was stated; and (3) whether default judgment is proper." *Teamsters Health & Welfare Fund of Phila. & Vicinity v. Dubin Paper Co.*, No. 11-7137, 2012 WL 3018062, at *2 (D.N.J. July 24, 2012) (internal citations omitted). And, to determine whether granting default judgment is proper, the Court must make factual findings as to: "(1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008). Plaintiff failed to address these factors substantively in his moving brief. (*See* D.E. No. 8-1 at 6–18 (reflecting the relevant standard, but focusing only on the appropriate damages, attorneys' fees, and costs)).

Accordingly, IT IS on this 5th day of August, 2022,

**ORDERED** that Plaintiff's Motion for Default Judgment (D.E. No. 8) is **DENIED** *without prejudice*; and it is further

**ORDERED** that by September 2, 2022, Plaintiff may either file an amended complaint addressing the deficiencies and discrepancies noted herein, or he may file a renewed motion for default judgment and documentation[3] that addresses the same deficiencies and discrepancies; and it is further

**ORDERED** that Plaintiff must serve a copy of this Order on Defendants by August 31, 2022, and file proof of service with the Court.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**

---

[3] For example, a renewed motion shall be accompanied by an affidavit or certification that (i) provides a sufficient basis for the Court to determine whether it has personal jurisdiction over Defendants; (ii) details an appropriate damages calculation in light of the statute of limitations and the appropriate minimum wage for each specified period; and (iii) clarifies the discrepancies noted above as to allegations in the Complaint and the breakdown of attorneys' fees.